JULIAN E. BAILES, Judge Pro Tem.
This is a suit in tort arising out of a fall by the plaintiff-wife upon alighting from a taxicab. Plaintiff, Bessie Duke Gonzales, seeks recovery of damages for physical injuries received by reason of the fall and her husband, Louis B. Gonzales, sues for recovery of medical expenses and loss of wages of his wife.
The plaintiffs who are appellants herein appeal from the judgment of the trial court rejecting their claims on the ground that they did not sustain the burden of proving their case against the defendants by a preponderance of the evidence. Our review of the evidence convinces us that the judgment appealed from is correct and, accordingly, it is affirmed.
The plaintiff, Mrs. Gonzales, accompanied by three female co-workers, was a passenger in a Checker Cab driven by Julius W. Dietz, on December 23, 1964. The group was being transported from the Orleans Parish School Board Office on Ca-rondelet Street to a restaurant on North Rampart Street in the City of New Orleans.
For a cause of action, plaintiffs allege that upon Mrs. Gonzales arriving at her destination and while in the act of exiting the cab, the driver permitted the cab to roll forward causing her to fall to the street thereby sustaining the injuries for which she herein seeks recovery of damages.
The defendants, by answer, deny that the cab was in motion at anytime while Mrs. Gonzales was alighting from it, and that she fell by reason of her own failure or neglect to watch where she was walking.
The single narrow question dispositive of liability is whether at the time plaintiff was exiting the taxicab the vehicle moved forward thus causing plaintiff to fall to the ground whereupon she sustained certain injuries.
On a question of fact we cannot reverse the judgment of the trial court unless we find its holding so unsupported by the evidence as to render its ruling manifestly erroneous.
*719 Two witnesses, both rear seat passengers, testified that the cab moved forward as plaintiff was getting out. One of these witnesses, Mrs. Hackett, stated that she was the first passenger to get out of the cab, that she got out before the plaintiff did and that she was standing on the sidewalk looking at Mrs. Gonzales as she\ alighted. Her testimony is that she saw the cab roll forward at the time Mrs. Gonzales was getting out.
The other witness who testified that the cab moved forward was Mrs. Shryel Bras-sett Billiot who, at the time of the fall, was seated on the rear seat of the cab. Her testimony as to the movement of the cab is weakened by her statement that she does not know whether Mrs. Gonzales had one or both feet on the ground at the time of the movement.
Both of these witnesses, shortly after the injury of plaintiff, gave statements to an adjuster for the company that provided automobile liability insurance on plaintiffs’ personal vehicle which included medical payments coverage. Both statements failed to mention the asserted fact that the cab rolled forward as alleged.
Plaintiff, Mrs. Gonzales, did not testify that the cab moved when she got out. Her testimony is that after she had fallen to the ground she saw the cab rolling forward. By deposition prior to trial she testified, in response to the question of what caused her to fall, in this manner:
“I don’t know what caused me to fall. I don’t know. I just know when I started to get out, I fell.”
The other passenger, Mrs. Fern Crap-pell, who died prior to trial, by deposition taken July 13, 1966, testified that the cab was stopped when Mrs. Hackett got out and when Mrs. Gonzales got out, as well as when she alighted; and that the cab did roll forward after Mrs. Gonzales had fallen in the driveway. This witness also testified there was no discussion amongst the party about what caused plaintiff to fall at the scene, nor did Mrs. Gonzales discuss it with her on the way to the hospital.
It is clear from the evidence in the record that there was no discussion by any one, including the plaintiff, at the scene of the fall that her fall was caused by the cab rolling or moving forward at the time she exited. It is also noteworthy that no demand or assertion was made against the defendants by either plaintiffs or their attorney until eleven months post injury.
After the fall, a police squad car stopped. Ronald H. Roth, one of the policemen in the squad car stated that from his inquiry at the scene he determined that a vehicle was not involved in anyway in the injury of the plaintiff. Consequently, he made no accident report. One of the attendants, a policeman, on the emergency unit that took plaintiff to the hospital testified that on the way to the hospital plaintiff told him that she had got out of a cab and on walking away her heel became engaged in either a crack or separation of the pavement and this caused her to fall.
Defendant, Julius W. Dietz, driver of the cab testified that the cab did not move while Mrs. Gonzales was getting out.
As we stated above, the whole question of liability herein hinges on the establishment of the fact that the taxicab moved or rolled from a stopped position at the time Mrs. Gonzales was getting out. The law is too clear to require citation that a plaintiff has the burden of proof and that it is not sufficient for a plaintiff to make out a case that is merely probable but the requirement is that he must establish his case by a preponderance of evidence with legal certainty.
The evidence herein did not convince the trial court that the fact sought to be proved, that is, the movement of the cab at the time Mrs. Gonzales was alighting therefrom, was more probably so than not. We, too, are not convinced that the cab *720 was in motion at this time. We find no error in the judgment^of the trial court.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at plaintiffs’ cost.
Affirmed.